FROMME, Respondent, vs. O'DONNELL, Appellant.

*March 15—April 5, 1905.*

*Sales: Passing of title: Subsequent measurement and determination of amount due.*

1. Where it is apparent from a contract of sale that the parties intended that the measurement of the subject thereof and determination of the amount to be paid should be made at some time after the title had passed, that intention will govern.

2. Plaintiff's assignor contracted to furnish to defendant "enough" pine blocks to pave a certain viaduct, for a certain price per square yard, f. o. b. cars in the city where they were to be used, payment to be made monthly as estimates of the engineer in charge of the work were allowed by the common council for deliveries made during the previous month, defendant "to pay the freight and deduct same from the settlement." *Held,* that title to the blocks passed to defendant upon his accepting them from the cars, but that the measurements from which the amount to be paid should be determined were to be made after the blocks were laid in place on the viaduct.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed.*

Action to recover on contract made between the defendant and the Terre Haute Creosoting Company, and assigned by the latter to the plaintiff, who performed its obligations. The contract is in the following words:

"Milwaukee, Wis., August 14, 1902.

"*Mr. James O'Donnell, Milwaukee, Wis.* We propose to furnish you enough creosoted yellow pine blocks of our own

manufacture to pave 16th Street Viaduct (approximately 17,400 yards) for the sum of $1.85 per square yard. This includes one inch yellow pine boards under same, F. O. B. cars Milwaukee, Wis., said blocks to be according to specifications furnished by the city engineer. Payment for the above to be made monthly as estimates of engineer in charge of work are allowed by the common council and approved by the mayor for deliveries made during the previous month, you to pay the freight and deduct same from the settlement.

### "*Guarantee.*

"We further agree to guarantee that these blocks will be acceptable to the city engineer and we agree to furnish in the above named street, free of cost to you, for a period of five years dating from the completion and acceptance of said street and work, new blocks to replace any that do not stand the usual and ordinary wear; provided, however, that this guarantee is conditioned in every way upon the pavement being laid properly and in accordance with the contract and specifications governing the said work. We also agree for you to hold back ten per cent. of our contract price for a period of five years, you to pay us four per cent. interest annually on same, to faithfully fulfil the above proposition.

"TERRE HAUTE CREOSOTING COMPANY,
"Wm. Erler, Mgr.

"I accept the above proposition.

· "JAMES O'DONNELL."

The issues raised by the pleadings and litigated on the trial concerned the amount earned under the contract. The claim of the plaintiff was that the number of yards of paving material furnished should be determined by measurement at the time of the delivery. The claim on the part of the defendant was that it should be determined by the city engineer in charge of the work of paving the viaduct, measuring the surface of the completed work. By plaintiff's method the sum earned under the contract as stated in the complaint was $34,084.45, and the amount collectible, after deducting the sum retainable as per agreement, $4,020.41. By the defendant's method of measurement the amount earned under

the contract, as stated in the answer, was $32,188.76, the amount retainable under the contract $3,218.87, and the amount paid $26,655.49. There was a counterclaim and reply thereto, but the issues thus formed were withdrawn so far as the claims of the defendant were not admitted.

The cause was tried by the court, resulting in a construction of the contract according to plaintiff's view, and findings to the effect that 17,740.4 yards of paving blocks and 16,300½ yards of boards were furnished; that the amount earned thereby was $32,257.25; that the material furnished was accepted upon arrival at Milwaukee; that no part thereof was returned; that thereby defendant became liable to pay therefor according to the contract; and that he was entitled to credit for payments made, and some items of damages, aggregating $27,180.10, leaving a balance due and collectible, after deducting $3,225.72, retainable under the contract, of $1,932.72, and interest from July 8, 1903, and interest on a further sum not paid when due to that date, making in all $2,189.71, for which judgment was ordered and entered. The defendant appeals.

For the appellant there was a brief by *Dorr & Gregory,* attorneys, and *Adolph Huebschmann,* of counsel, and oral argument by *Mr. Huebschmann.*

For respondent there was a brief by *Hoyt, Doe, Umbreit & Olwell,* and oral argument by *J. B. Doe.*

MARSHALL, J. The essential assignments of error refer to whether the trial court correctly construed the contract. If there were error in that, numerous other errors were committed in rejecting evidence offered by appellant, and the final conclusion is erroneous.

It seems that controlling significance was given by the learned circuit judge to that feature of the contract indicating that the title to the paving material was to and did pass to appellant upon his accepting the same from the car

at Milwaukee. It was to be furnished at $1.85 per square yard "F. O. B. cars at Milwaukee, Wis." The quoted term unmistakably shows that the parties intended a change of title upon delivery. *Vogt v. Schienebeck,* 122 Wis. 491, 100 N. W. 820. It does not follow necessarily, however, that the amount to be paid for the material became then fixed. The general rule is that as between vendor and vendee the title to the subject of the transaction passes from the one to the other when the terms of sale are agreed upon and everything the vendee has to do with the matter has been done. *Abraham v. Karger,* 100 Wis. 387, 76 N. W. 330. Nothing appearing to the contrary, it is presumed that the price to be paid for the property is to be fixed theretofore, but it is perfectly competent for parties to so contract that the title shall pass to the vendee and the property may be taken and appropriated by him, and the amount he shall pay be subsequently determined. *Sewell v. Eaton,* 6 Wis. 490; *Morrow v. Campbell,* 30 Wis. 90. Wherever it is apparent that the parties intended at the inception of their contract of sale that the title to the subject thereof should pass to the vendee and the measurement thereof be thereafter made, and the amount to be paid therefor determined according thereto, that will govern. *Gill v. Benjamin,* 64 Wis. 362, 25 N. W. 445; *McConnell v. Hughes,* 29 Wis. 537; *Fletcher v. Ingram,* 46 Wis. 191, 50 N. W. 424; *Pike v. Vaughn,* 39 Wis. 499; *Smith v. Wis. Inv. Co.* 114 Wis. 151, 89 N. W. 829.

So it was a mistake to suppose that merely because the title to the paving material passed to appellant upon his accepting the same from the car that then was necessarily the time to ascertain the amount to be paid therefor, and that nothing having been done in that regard by the vendee he was governed by the measurement made by the vendor. The matter wholly turns on the intention of the parties expressed in the contract.

It seems that if the learned trial court had viewed the

writing in the light of the foregoing a different conclusion would readily have been reached than the one complained of. It seems to us quite plain that the contracting parties intended that the measurement of the paving material should be after it was laid on the viaduct according to the specifications covering the work. Respondent agreed to furnish "enough" of such material "to pave 16th Street Viaduct" at $1.85 per square yard. The term "enough," etc., in connection with that which is a matter of common knowledge, viz.: that lumber is generally sold by the square foot, and that in laying such a pavement as was contemplated in this case there is necessarily some waste, the amount of which cannot be accurately determined in advance, suggests very forcibly that the quantity to be paid for was to be determined by measurement of the completed work. That is rendered unmistakable, we may well say, by the term "payment for the above to be made monthly as estimates of engineer in charge of the work are allowed by the common council and approved by the mayor for deliveries made during the previous month, you to pay the freight and deduct same from settlement." If payments were to be made according to measurements of material at the time of the delivery there was no occasion whatever for the quoted clause. It is significant only when regarded as prescribing the manner the amount to be paid should be determined and the time when payments should be made. It shows pretty clearly, if not beyond room for reasonable controversy, that the idea which the contracting parties had in mind was that the vendor should be paid on the measurements forming the standard for appellant's compensation, the measurements made as the work progressed to be regarded as estimates, and the exact amount of the material furnished to be determined by measuring the entire work at the completion thereof, final settlement to be then made, and the advances for freight allowed to the vendee.

The foregoing renders further discussion of the case un-

necessary.· It requires a reversal of the judgment, and cause to be remanded with directions to the trial court to take such further evidence as may be necessary to a determination of the correct amount of paving material to be credited to the respondent, and after determining that fact to thereon, and on those facts heretofore found, not disturbed on this appeal, render the proper judgment.

*By the Court.*—So ordered.