Southern Flour & Grain Co. v. McGeehan, 144 Wis. 130.

---

SOUTHERN FLOUR & GRAIN COMPANY, Respondent, vs. Mc-GEEHAN and another, Executors, Appellants.

*October 28—December 6, 1910.*

*Sales: Place of delivery: Contract construed: Parol evidence: Failure to deliver: Measure of damages: Inconsistent verdict: Interstate commerce.*

1. Where a written contract for the sale of chattels at a specified price delivered f. o. b. cars at a certain station provides that, as a mode of securing the seller, he may ship the goods to their destination to his own order, drawing upon the buyer for the amount due and attaching the bill of lading to the draft, the place of delivery, for the purpose at least of fixing the measure of damages for a failure to deliver, is the place specified for delivery f. o. b. cars.

2. Parol evidence of the intention of the parties is not admissible in such a case.

3. The measure of damages for a failure to deliver in such a case is the difference between the price at which the goods were purchased and the market price at the place of delivery.

4. A finding by the jury that the market price of hay at a certain place was the same as the purchase price named in a contract providing for delivery f. o. b. cars at said place, is not inconsistent with a finding that the buyer's damages for a failure to deliver were twenty-five cents per ton, because the latter finding may refer to the value f. o. b., which the former does not expressly cover.

5. A contract of sale made by correspondence between the seller in this state and the buyer in another, providing for shipment of goods from this state to the other, is a transaction of inter-.state commerce, and the buyer, though a foreign corporation not licensed in this state, may maintain an action here for breach of the contract.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

*William F. Shea,* for the appellants.

For the respondent there was a brief by *Sanborn, Lamoreux & Pray,* and oral argument by *A. T. Pray.*

TIMLIN, J. The complaint claimed to recover damages for breach of a contract made in writing on or about October 19, 1906, for the sale to plaintiff of 500 tons of timothy hay to be delivered on or before January 1, 1907, free on board cars at Highbridge, Wisconsin. The evidence relating to the contract and its breach is without dispute. After some correspondence by letter and telegram between the buyer at Atlanta, Georgia, and the seller at Highbridge, Wisconsin, in which the latter demanded a price f. o. b. at Highbridge and also requested the buyer to furnish bank reference, the latter, under date of October 15, 1906, wrote to the seller saying, after some argument concerning the price:

"Therefore on basis of present market we could pay you $10.50 F. O. B. there for 500 tons, shipment in any kind of cars, local or other, and any time by January 1st. . . . We will refer you as references the Lowry National Bank of Atlanta and Bradstreet's Mercantile Agency. We can assure you that you will have no risks in shipping us the hay. You can draw for the full amount of draft, and bill of lading at-

tached, shipping to your own order, notify us.    A bill of lading made out in this way assures instant payment of your draft, for the B. L. has to be in our possession before the commodity is acquired."

On October 19th the seller accepted this offer of purchase by telegram, and after receipt of this telegram the buyer on the date last mentioned wrote acknowledging receipt of the telegram and confirming the purchase and sale.    The seller made no attempt to deliver, but expressly refused to abide by the contract.    The case was submitted to the jury, but the only important finding of the jury, as we view the case, is one fixing the buyer's damages at $125.    Because the making of the contract and its breach rested upon undisputed evidence and the contract was in writing its construction was for the court. There was at the time of breach a material difference between the market value of hay at Highbridge and the market value at Atlanta.    The trial court construed the contract to require delivery at Atlanta, Georgia, and upon evidence of the market value of hay at that place at the time of breach raised these damages to $1,425 and gave judgment for that sum.    This action of the trial court was fairly within the evidence as to amount awarded, and correct if his construction of the writing was correct, otherwise the amount fixed by the jury must stand.    It is of course elementary that the construction of a written contract is for the court.    Here we have a contract, consisting of offer and acceptance, to pay for 500 tons of hay to be delivered f. o. b. at Highbridge, Wisconsin.    This without anything more would fix upon Highbridge as the place of delivery.    *Vogt v. Schienebeck,* 122 Wis. 491, 100 N. W. 820; *Fromme v. O'Donnell,* 124 Wis. 529, 103 N. W. 3; *State ex rel. Pittsburgh C. Co. v. Patterson,* 138 Wis. 475, 120 N. W. 227; *Murphy v. Sagola L. Co.* 125 Wis. 363, 103 N. W. 1113. But it was also provided that the seller might ship to Atlanta to his own order, drawing upon the buyer for amount of shipment with bill of lading attached to draft, and the buyer must

have this bill of lading in its possession before it could get the hay. This without any more would fix upon Atlanta as the place of delivery. *Doyle v. Roth Mfg. Co.* 76 Wis. 48, 44 N. W. 1100; *Kentucky R. Co. v. Globe R. Co.* 104 Ky. 559, 47 S. W. 602, 42 L. R. A. 353; *McLaughlin v. Marston,* 78 Wis. 670, 47 N. W. 1058; *Morrow v. Reed,* 30 Wis. 81; *Greenwood G. Co. v. Canadian County M. & E. Co.* 72 S. C. 450, 5 Am. & Eng. Ann. Cas. 361, and note. These apparently contradictory stipulations in the contract must be harmonized from the instrument itself if possible, because both could not have been intended in this contradictory sense. With reference to the proposal coming from the buyer that the seller might ship the hay to his own order, we find it put forward as a mode of assuring the seller that he would be paid, and as a mode of securing himself rather than as fixing the place of delivery. The whole letter of October 15th, taken with the previous correspondence, will bear no other reasonable construction. We cannot make the provision for delivery f. o. b. Highbridge yield to the latter provision, because the latter not only may have, but apparently from the writing did have, the other purpose of merely securing the seller. Resort to parol evidence of intention is unnecessary and improper in such case. Where the place of delivery is fixed otherwise in the writing, but the seller in this way retains title as security and not as owner until the property arrives at its destination, the place of delivery, for the purpose at least of fixing the measure of damages for failure to deliver, is the place specified for delivery f. o. b. cars. So long as the delivery is a matter of intention this must be the rule. This rule is supported by *E. Hobart & Co. v. Littlefield Bros.* 13 R. I. 341; 1 Benj. Sales (4th Am. ed.) §§ 319, 320; *Bank of Litchfield v. Elliott,* 83 Minn. 469, 86 N. W. 454; *Chamberlain v. Dickey,* 31 Wis. 68; *Hoeffler v. Carew,* 135 Wis. 605, 116 N. W. 241; *Gibbons v. Robinson,* 63 Mich. 146, 29 N. W. 533. The measure of damages being the difference between the price at

which the hay was purchased and its market price at the place of delivery (*Cockburn v. Ashland L. Co.* 54 Wis. 619, 12 N. W. 49; *Marshall v. Clark,* 78 Conn. 9, 60 Atl. 741; *Chapman v. Ingram,* 30 Wis. 290; *Ingram v. Rankin,* 47 Wis. 406, 2 N. W. 755), the damages imposed by the court were unauthorized and those fixed by the jury may stand.   The answers of the jury that the market price at Highbridge was $10.50 per ton and that the plaintiff's damages were twenty-five cents per ton are not inconsistent, because the latter may refer to the value f. o. b., which the 'former does not expressly cover. There is evidence to support the finding of twenty-five cents per ton.

The contract was a transaction of interstate commerce, and the plaintiff was therefore competent to maintain this suit although a foreign corporation and unlicensed.   *Catlin & P. Co. v. Schuppert,* 130 Wis. 642, 110 N. W. 818; *Elwell v. Adder M. Co.* 136 Wis. 82, 88, 116 N. W. 882.

Some claim is made that there was no market for hay at Highbridge, but the evidence is wholly insufficient to negative the feasibility of obtaining in the vicinity of Highbridge and of delivering there f. o. b. the required amount of hay.

It follows that the judgment appealed from must be reversed, and the cause remanded with directions to render judgment for the plaintiff on the verdict of the jury.   It is understood throughout this opinion that the initial letters f. o. b., whether capitals or small, mean "free on board."

*By the Court.*—Judgment reversed, and the cause remanded for further proceedings in conformity with this opinion.