YAZOO & M. V. R. Co. *v.* ALEXANDER ALLEN.

[63 South. 572.]

1. CARRIERS. *Freight. Delay in shipment. Special damages.*
   A common carrier of freight cannot be held for special damages unless the shipper gives notice of such damages at the time the goods are delivered to the carrier.

2. CARRIERS. *Freight. Special damages.*
   Special damages from delay cannot be recovered against a carrier where such damages had already accrued when the notice was given.

APPEAL from the circuit court of Hinds county.
HON. W. A. HENRY, Judge.

Suit by Alexander Allen against the Yazoo & Mississippi Valley Railroad Company.  From a judgment for plaintiff defendant appeals.

*Mayes & Mayes,* for appellant.

The case was tried on an agreed statement of facts; and on page 3 of the transcript the court will find this: "Plaintiff admits that the bill of lading herein introduced was the contract of shipment."

Thus plaintiff admitted that his contract embraced the stipulation which we have quoted above. The railroad company admitted the allegations of the plaintiff's statement in his suit of action; and also plaintiff went to the agent of the defendant at Raymond and asked said agent for said freight two days successively, being Monday and Tuesday following the delivery of said freight to the defendant on Saturday; and that on Wednesday plaintiff came to Jackson to buy other material to do his work with, and told the agent that he was in Raymond on expenses, and wanted said freight. But observe this statement to the agent about his being in Raymond on expenses was not made until Wednesday, therefore: *First,* the plaintiff was prevented from recovering these consequential or remote damages by the very terms of his contract, admitted by his counsel in the record to have been his contract.

*Second,* even apart from that admission and the special contract he could not recover under the facts shown in this record; the burden of proof as to extraordinary damages being on him. *American Express Co.* v. *Jennings,* 86 Miss. 329; *American Express Co.* v. *Jennings,* 109 Am. St. 708, and note; *American Express Co.* v. *Burke & McGuire,* 61 So. 312.

Wherefore, we submit this case should be reversed unless the defendant remit his damages to the value of his stuff, to wit: three dollars and seventy cents.

*W. J. Croom,* for appellee.

The terms of appellee's contract with appellant for this shipment does not prevent appellee from recovering the damages claimed by appellee and recovered by appellee

in this cause for the reason that appellant could not contract against its liability for negligence in shipping said stuff.   See 6 Cyc. 398; *Telegraph Company* v. *Wells,* 82 Miss. 733; *Chicago Railroad Co.* v. *Able,* 60 Miss. 1017; *Express Company* v. *Seide,* 67 Miss. 609; *Johnson* v. *R. R. Co.,* 69 Miss. 191; *Railroad Co.* v. *Jesof,* 60 Miss. 1003; *Marks Rothenberg* v. *Express Co.,* 87 Miss. 656.

*Second,* the damages claimed and recovered in this cause are not remote and speculative, but are the natural consequences of the breach of contract and are incident to and naturally grow out of its breach.   In *Vicksburg & M. R. R. Co.* v. *Ragsdale,* reported in the 46 Miss. 459, SIMRALL, Justice of this court, speaking for the court on page 486, says: "If Ragsdale were compensated for the value of the use of such machinery while deprived of it by the negligence of the carrier, and also for the expense of the idle hands awaiting its arrival, and cost incurred in looking after it, and injuries to it because of the delay; about all the circumstances are taken into the estimate upon which courts and juries can securely rely."

I say, that this case of Ragsdale and authorities cited therein, and the reasoning of this case, is decisive of this question, and that the damages recovered in this case at bar were recoverable under the facts admitted in this record.   See *Vicksburg & M. R. R. Co.* v. *Ragsdale,* 46 Miss. 459.

*Third,* I further say, that the facts of this case of a lot of stuff shipped from Jackson to Raymond, Mississippi, less than fifteen miles away, over one line of road, and never coming to hand, sunk out of sight, just swallowed up in space with no explanation, or attempted explantation of its delay, or rather never having been delivered, furnishes conclusive evidence of the grossest kind of negligence on the part of appellant; and that appellant cannot escape the consequences of its gross negligence, and that appellee should be fully compensated for the injury done him and the damages sustained by him

on account of appellants negligence, and I submit that this case should be affirmed.

COOK, J., delivered the opinion of the court.

This is a suit for damages on account of the loss by the railroad company of two barrels of lime and two sacks of plaster of Paris, shipped from Jackson to Raymond, Mississippi. Plaintiff sued not only for the value of the lime and plaster of Paris lost but also for extraordinary or consequential damages, as shown by his bill of particulars, on page 2 of the transcript. He recovered a judgment for fifty-nine dollars and seven cents in the circuit court, although the value of the lime and plaster of Paris was only three dollars and seventy cents; and from that judgment this appeal is taken.

There is no contention that appellee gave notice to the carrier, at the time the lime and plaster was delivered to it, of any special or consequential damages which might flow from its failure to promptly deliver the shipment at Raymond. It seems to be the settled law of this state that a common carrier of freight cannot be held for special damages unless the shipper gives notice of such damages at the time the goods are delivered to the carrier. *Express Co.* v. *Jennings,* 86 Miss. 329, 38 So. 374, 109 Am. St. 708; *Express Co.* v. *Burke,* 61 So. 312.

If it could not be contended that this suit involved the negligence of defendant's agent at Raymond, as well as the negligence at Jackson, we think the agreement of facts shows that the expenses had already accrued when plaintiff told the Raymond agent that he was there on expenses; and, this being true, the information given the agent came too late.

The case is reversed, unless appellee within fifteen days enters a remittitur of all the judgment except three dollars and seventy cents.

*Affirmed conditionally.*