GEHL, Appellant, vs. PEYCKE BROTHERS COMMISSION COM-
PANY, Respondent.

*October 8—October 27, 1914.*

*Appeal: Record: Bill of exceptions: Milwaukee civil court: Sales:
Place of delivery: When title passes: Loss in transit: Modifi-
cation of contract: Additional services by vendor.*

1. Where the action of the circuit court, upon an appeal from the
   Milwaukee civil court, is based wholly upon the return made
   and certified by the clerk of the civil court as provided by
   sub. 1, sec. 28, ch. 549, Laws of 1909, as amended by sec. 20,
   ch. 425, Laws of 1911, which return together with the order of

the circuit court constitutes the record upon appeal to the supreme court, there is no need of a bill of exceptions.

2. In case of a contract for the sale of chattels to be placed on cars by the vendor at a particular place, the title passes to the vendee when they are so placed, in the absence of contract provisions or circumstances showing a different intent.

3. Where a definite contract is made as to the goods sold, the price, and place of delivery, such contract is not necessarily changed as to the place of delivery or the time of the passing of title by the fact that the vendor, for extra compensation or gratuitously, agrees to perform services relative to the goods after they have been delivered or have left the place of delivery, or that the contract has been modified in some other respect.

4. Thus, where the vendor, pursuant to the terms of a sale of two carloads of cabbage at a certain price per ton, had delivered the cabbage on the cars at Milwaukee to be shipped to Kansas City, but the railway company, because of the severity of the weather, refused to forward the shipment unless it was in charge of a man with stoves, etc., the fact that the vendor agreed with the vendee to comply with such requirement at an additional cost per ton to the vendee did not change the original contract as to the place of delivery.

APPEAL from an order of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Reversed.*

Action to recover the purchase price of a shipment of two carloads of cabbage from Milwaukee to Kansas City. The suit was begun in the civil court of Milwaukee county and resulted in a judgment in favor of the plaintiff. An appeal was taken to the circuit court, and an order was therein entered reversing the judgment of the civil court and awarding a new trial in the circuit court. Plaintiff appealed from such order. The questions raised by the appeal on the merits involve the determination of where, under the agreement between the parties, the delivery of the cabbage took place. It was damaged by frost in transit. Plaintiff claims, and the civil court found, that the place of delivery was Milwaukee. The defendant contends, and the circuit court held, the place of delivery was Kansas City. The following facts determine

the solution of the question involved: On January 2, 1912, the defendant, a commission company located at Kansas City, Missouri, telegraphed the plaintiff, a dealer in Milwaukee, as follows: "Wire lowest strictly first-class Holland free from frost, prompt shipment," to which plaintiff on the 3d replied by telegraph: "Offer U. R. T. five forty-two, shipment to-morrow weather permitting. Twenty-four ton here." The same day defendant wired plaintiff: "Ship car offered, wire routing, prefer routing dogwood,"—dogwood meaning Chicago, Milwaukee & St. Paul Railway Company, and U. R. T. meaning Union Refrigerator Transit Company's car. On the 5th plaintiff wired the defendant: "Below zero yesterday and today; offer another car at same price, empty car on hand both shipment first weather permitting loading," to which on the same day the defendant answered by wire, "Book another car first quality. Ship both earliest possible." January 9th plaintiff wired defendant: "Car five forty-two leaves to-day fast train other possibly tomorrow;" and on the 10th he sent this message: "Car U. R. T. still here under shelter. Can ship both tomorrow. Will furnish stoves, fuel, and a man in charge if you pay two dollars a ton extra. Railroad will not accept billing or forward otherwise. Must advise early to complete arrangements." Defendant's reply by wire was: "Start cars today with man and heat. Will pay extra;" and by letter dated the 11th: "We wired you in answer to yours of yesterday to ship two cars of cabbage in charge of a man with stoves and we hope he will reach us with same by Monday morning at the latest. It seems to us, however, as if the expenses should not quite reach $2 per ton when shipping two cars at the same time. Thus, if after the deal has been closed the expenses should be less, we hope you will give us the benefit of the same." The cabbage was free from frost and in good merchantable condition when it left Milwaukee, and plaintiff furnished an experienced man who exercised ordinary care in looking after the shipment *en route*. Union

Refrigerator Transit cars do not have openings for stove pipes and plaintiff furnished salamanders, which are the practical equivalent of stoves. Defendant knew that stoves could not be used in U. R. T. cars. The cars arrived at Kansas City January 14th, after having been in transit about sixty hours, the usual time required for such shipments. The weather during that time was extremely and unusually cold. The thermometer at Kansas City registered 13° below zero on the 11th, 20° below on the 12th, and 12° below on the 13th of January, during the most of which time the cabbage was *en route*.

*Leon B. Lamfrom,* for the appellant.

For the respondent the cause was submitted on the brief of *Carroll & Carroll.*

VINJE, J.   1. The defendant urges that since there is no bill of exceptions settled by the circuit judge the evidence cannot be considered by this court in passing upon the merits. In *Lindenmann v. Kopczynski,* 155 Wis. 164, 144 N. W. 196, the contrary was held, and the ruling is adhered to. Where the action of the circuit court is based wholly upon the return made by the clerk of the civil court, duly certified by him as provided by sub. 1, sec. 28, ch. 549, Laws of 1909, as amended by sec. 20, ch. 425, Laws of 1911 (Hirschberg's Milwaukee County Laws, sec. 1333), and which return together with the order of the circuit court constitutes the record here, there is no need of a bill of exceptions.

2. Were it not for the arrangement with reference to furnishing a man and stoves, no serious question could arise as to where delivery was made. The offer by plaintiff was to sell cabbage for $24 per ton *here,* meaning Milwaukee, and that offer was accepted. It is the settled law of this state that in the absence of contract provisions or circumstances showing a different intent, where there is a contract for the sale of chattels to be placed on cars by the vendor at a par-

ticular place the title passes to the vendee when they are so placed. *Vogl v. Schienebeck,* 122 Wis. 491, 100 N. W. 820; *Fromme v. O'Donnell,* 124 Wis. 529, 103 N. W. 3; *State ex rel. Pittsburgh C. Co. v. Patterson,* 138 Wis. 475, 120 N. W. 227; *Southern. F. & G. Co. v. McGeehan,* 144 Wis. 130, 128 N. W. 879. The defendant contends that the vendor's agreement to furnish man and stoves for $2 per ton extra takes the case out of the general rule, and that the contract as finally concluded was that for $26 per ton the vendor agreed to deliver the cabbage at Kansas City. We have been unable to so construe the transactions. When the agreement to furnish man was made the first car had already been delivered to the railway company and title had passed to the vendee under the rule above stated. Owing to the severity of the weather the railway company refused to forward the shipment except upon conditions stated by it. The contract of the plaintiff was to deliver at Milwaukee. This he had done as to one car and was ready to do as to the other. Under the contract it was the vendee's duty to comply with the requirements of the railway company. The fact that the vendor agreed to do so at an additional cost per ton to the vendee did not change the original contract as to place of delivery. That it was understood by the vendee not to change it is evident from its letter wherein it says that should the expense of sending man with both cars be less than $2 per ton it expected to have the expense adjusted at actual cost. When a definite contract is made as to the chattels sold, the price, and place of delivery, such contract is not necessarily changed as to the place of delivery or the time of the passing of title by the fact that the vendor, for extra compensation or gratuitously, agrees to perform services relative to them after they have been delivered or have left the place of delivery, or that the contract in some other respect has been modified. Thus it was held in *Allen v. Greenwood,* 147 Wis. 626, 133 N. W. 1094, where staves were sold to be delivered at a certain rail-

way station, that the fact that the vendor was to pay the cost of loading on cars did not defer the time of passing of title till the loading was done.    In *Southern F. & G. Co. v. McGeehan,* 144 Wis. 130, 128 N. W. 879, it was held that the place of delivery of hay was not changed from where the contract provided the vendor should make delivery on cars to the place of destination by the fact that the vendor shipped it to the latter place to his own order, since that was done for his security only; and in *McCollom v. M., St. P. & S. S. M. R. Co.* 152 Wis. 435, 139 N. W. 1129, it was decided that where a car had been loaded and inspected the passing of title was not affected by a subsequent unloading by the vendor.    So here, the subsequent agreement as to how the shipment should be cared for did not change the contract as to the place of delivery.    There is nothing inconsistent with the original contract in the later agreement, and it does not purport to modify such contract in any respect except as to the cost of the cabbage to the defendant, which increased cost was rendered necessary by the severity of the weather—surely not the fault of the plaintiff.    He stood ready to deliver and did deliver according to his agreement.

Since the evidence supports the findings of the civil court that plaintiff furnished an experienced man who exercised reasonable care in looking after the shipment—which findings are not disturbed by the circuit court,—it follows that plaintiff fulfilled his part of the contract and that judgment was properly awarded him in the civil court for the amount due.

*By the Court.*—Order reversed, and cause remanded with directions to affirm the judgment of the civil court.