YAZOO & M. V. R. Co. *v.* CLARKSDALE COAL & GRAIN CO.

(Division B.   Jan. 20, 1930.)

[125 S. 725.   No. 28330.]

Burch, Minor & McKay, of Memphis, Tenn., and Cutrer & Smith, of Clarksdale, for appellant.

Maynard, Fitzgerald & Venable, of Clarksdale, for appellee.

Argued orally by **C. H. McKay**, for appellant.

**Griffith, J.**, delivered the opinion of the court.

An interstate shipment of a carload of coal came into the hands of appellant railroad company for transportation to appellee as consignee at Clarksdale. There was a total failure of delivery, and appellee in a suit for the damages recovered as such the amount of the price at which appellee could have sold the said coal at retail, less the drayage charges for retail delivery.

"The true measure of damages for the breach of a contract to transport and deliver coal or other like personal property at a certain place and time is the fair average market value at the time and place of delivery of such a quantity of like coal or other property as the contractor failed to deliver as agreed. It is the amount it would have been necessary for the shipper or owner to pay in the open market at the time and place of delivery for such a quantity and kind of coal or other property as the carrier failed to deliver as it agreed." Crail v. Illinois Cent. R. Co. (C. C. A.), 13 F. (2d) 459, pages 461, 462. See, also, 4 R. C. L., pp. 929, 930; 10 C. J., pp. 395, 396; Mobile, J. & K. C. Railroad Co. v. Cotton Co., 94 Miss. 351, 48 So. 231; Yazoo & M. V. Railroad Co. v. Delta Grocery & Cotton Co., 134 Miss. 846, 98 So.

777; Yazoo & M. V. Railroad Co. v. M. Levy & Sons, 141 Miss. at page 208, 106 So. 525.

Appellee seeks to justify the recovery on the basis of resale prices at retail, because the railroad company knew that the coal was to be sold at retail, and presumably at a profit in such resales. But the showing in this regard is only the general one that the railroad company knew that appellee was in the retail coal business. It is ''the settled law of this state that a common carrier of freight cannot be held for special damages, unless the shipper gives notice of such damages at the time the goods are delivered to the carrier.'' Yazoo & M. V. R. Co. v. Allen, 106 Miss. 275, 63 So. 572, 573; Southern Pac. R. Co. v. A. J. Lyon & Co., 107 Miss. at page 784, 66 So. 209, Ann. Cas. 1917D, 171; Yazoo & M. V. R. Co. v. Jacobson, 112 Miss. 158, 72 So. 889. If, in order to take a case out of the general rule in respect to the measure of damages and carry it into the exception, no more were required than a general knowledge that the goods were intended for resale, then as a practical consequence the exception would become the rule, because of the fact that the greater part of all the goods transported by railroads are known to be intended for resale at a profit; in other words, as it has been tersely expressed, ''the exception would swallow up the rule.'' Such a consequence would not be admissible as a practicable matter, even if the principle were not so well settled against it. The Federal cases are in accord with our own on the subject. Mitsubishi Shoji Kaisha, Ltd., v. Davis (D. C.), 291 F. 882; Champion Spark Plug Co. v. Automobile Sundries Co. (C. C. A.), 273 F. 74; Setton v. Eberle-Albrecht Flour Co. (C. C. A.), 258 F. 905; and the numerous authorities cited in the opinions in those cases.

It follows that the trial court applied an erroneous measure of damages, and that the judgment must be reversed and the cause remanded.

Reversed and remanded.