ORLANDINI, Respondent, vs. GUNSBURG, Appellant.

*April 9—May 6, 1958.*

For the appellant there were briefs and oral argument by *Michael J. Dunn* of Milwaukee.

For the respondent there was a brief by *Puls & Puls* of Milwaukee, and oral argument by *C. Morse Puls*.

BROADFOOT, J. Gunsburg raises three points upon this appeal that he contends require a reversal of the judgment

of the circuit court. The same arguments were advanced in the circuit court, and they are as follows:

1. The denial of the motion to certify the action from the civil to the circuit court for Milwaukee county was an abuse of discretion.

2. The findings of fact are contrary to the great weight and clear preponderance of the evidence.

3. Plaintiff is estopped to pursue his claim against Gunsburg.

Before dealing with the contentions of Gunsburg we will dispose of a contention made by the plaintiff that, because of the lack of a settled bill of exceptions, the sole question to be determined here is whether the judgment is supported by the findings of fact. In *Gehl v. Peycke Brothers Commission Co.* (1914), 158 Wis. 494, 149 N. W. 275, this court held that where the action of the circuit court upon an appeal from the civil court of Milwaukee county is based wholly upon the return made and certified by the clerk of the civil court that return, together with the order and judgment of the circuit court, constitutes the record upon appeal to the supreme court and there is no need of a bill of exceptions. The plaintiff contends that the legislature has amended the law with respect to the civil court of Milwaukee county and that, among other changes, it has provided for a direct appeal from the civil court to the supreme court. Therefore the statutes relating to appeals to this court apply. Provision is also retained in the law for appeals to the circuit court for Milwaukee county.

We have checked these changes as they appear in 44 West's Wis. Stats. Anno., p. 87, sec. 196–28, Milwaukee County Civil Court Act, and find that they do not change the rule stated in the *Gehl Case.* Upon appeal to this court it is the duty of the appellant to cause the record in the circuit court to be filed in this court. The record in the circuit court in this case contained the transcript of the testimony taken in

the civil court and had to be filed as part of the return. The settlement of a bill of exceptions to include something already in the record is unnecessary.

Upon the first argument advanced by Gunsburg the circuit court held that the granting of the motion to certify the action to the circuit court because of the cross complaint would require the plaintiff to wait months for trial and then to be present throughout a lengthy trial in which he had no interest. The circuit court cited the case of *Sells v. Elmergreen,* 183 Wis. 532, 198 N. W. 267, as correctly stating the law. In that case the defendant amended a counterclaim against the plaintiff by increasing the amount involved to an excess of the statutory limits of the civil court's jurisdiction and asked to have the matter certified to the circuit court. It was held that the civil court acquired jurisdiction of the parties and of the subject matter as first raised by the pleadings. It was further stated that the defendant could have asserted his cause of action embraced in the amended counterclaim by an independent action in a court having such jurisdiction. That rule is applicable here. The defendant still has a right to bring his cause of action embraced in the cross complaint in a court of competent jurisdiction. It is apparent that the civil court did not abuse its discretion in not requiring the plaintiff to be unduly delayed in having his rights passed upon.

There was no dispute in the trial of the case as to the amount or value of the materials furnished and work done. Nor was there any complaint as to the quality of the materials or the work. The question was as to who should pay for the same. Gunsburg and his wife testified that they ordered the work and materials in excess of those covered by the building contract but that because of their arrangement with Bakke the bills, even for extras, were to be paid by Bakke in the first instance and accounted for in a final settlement between the owner and the builder. They also testified that

plaintiff agreed to that arrangement. Both Bakke and the plaintiff denied there was any such arrangement made. After the work was done the plaintiff billed Bakke for the portion of the work covered by the plans and specifications and billed Gunsburg for the extra work. The trial court found that the plaintiff furnished materials and labor of the reasonable value of $713 at the special instance and request of Mrs. Gunsburg as agent for her husband; that demand for payment had been made and Gunsburg had refused payment. This finding upon disputed evidence has support in the record and is not against the great weight and clear preponderance of the evidence.

Finally, the defendant Gunsburg contends that the facts developed upon the trial bring the case within the rule of promissory estoppel. After the plaintiff billed Gunsburg for the extra work, Gunsburg directed him to bill Bakke for the entire amount and, in compliance with said request, the plaintiff did so. Gunsburg contends that this was done in compliance with the prior agreement that Bakke was to pay all bills. The entire argument, however, is based upon an alleged prior agreement that was denied both by plaintiff and Bakke and upon which point the court found against Gunsburg. The circuit court held that under the circumstances the rule of estoppel is not applicable. We agree. To make it applicable this court would have to change some findings of fact made by the trial court. We have held that the findings were made upon competent evidence in the record, and therefore the determination of both the civil court and the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.

HALLOWS, J., took no part.