JOSEPH B. HOLMES

*v.*

CHARLES FIHLENBURG.

54　203
d183　430

1. INFERIOR COURTS IN CITIES—*their territorial jurisdiction—construction of the constitution.* Under section one of the fifth article of the constitution of 1848, which provides " that inferior local courts" "may be established by the general assembly in the cities of this State," but that " such courts shall have a uniform organization and jurisdiction in such cities," the general assembly have no power to authorize such a court to issue its summons beyond the limits of the city in which it is established, and acquire jurisdiction over a defendant served without the city.

2. COURT OF COMMON PLEAS *of the city of Sparta—its territorial jurisdiction.* So the court of common pleas of the city of Sparta, created at the session of 1869, can not acquire jurisdiction of the person of a defendant by issuing a summons beyond the city limits, and there served upon the defendant.

APPEAL from the Court of Common Pleas of the city of Sparta; the Hon. WILLIAM P. MURPHY, Judge, presiding.

This was an action of assumpsit, instituted in the court below by Charles Fihlenburg, against Joseph B. Holmes. The summons was issued the sixteenth of October, 1869, directed " to the City Marshal and all Sheriffs, Coroners and Constables

of Randolph county, greeting," commanding them to summon
Joseph B. Holmes, if to be found in their county, to appear
before the common pleas court of Sparta, in said county, on
the first Monday of November, to answer the plaintiff, etc.
concluding in the usual form.

The return endorsed on the writ was as follows: " I have
personally served the within summons by reading to the within
named Joseph B. Holmes, on the eighteenth day of October,
A. D. 1869.

"JOHN M. SKELLY,
" City Marshal city of Sparta."

The declaration contained the usual form of the common
counts for labor, and services, etc.   And the defendant filed his
plea to the jurisdiction of the court, averring that, before and
at the time of the commencement of the suit, the plaintiff and
the defendant were residents of the city of Chester, in the
county of Randolph and State of Illinois; that neither of
them resided within the city of Sparta at the time, nor since
the commencement of the suit; that neither one of the several
causes of action or promises mentioned in the declaration
accrued, or were otherwise due or made payable in said city of
Sparta; but that each and all of said several causes of action,
arose in the city of Chester, in the county aforesaid.   Also,
averring that the defendant had not been found or served with
process in said cause, in the aforesaid city of Sparta, and pray-
ing judgment of the writ and declaration.   Upon a demurrer
to this plea being sustained, evidence was heard, the damages
assessed, and final judgment rendered for the plaintiff.   To
reverse which judgment, the defendant appeals, and assigns for
error the sustaining the demurrer to defendant's plea to the
jurisdiction.

Mr. THOMAS G. ALLEN and Mr. WILLIAM C. JONES, for the
appellant.

Mr. R. J. GODDARD and Mr. W. C. McQUISTON, for the
appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This record presents the question whether the legislature, in creating the court of common pleas in the city of Sparta, in Randolph county, at the session of 1869, had power to authorize the court to issue its summons beyond the city limits, and acquire jurisdiction over a defendant served without the city. This question was fully considered and decided by this court in *The People* v. *Evans*, 18 Ill. 362, and we fully concur in the reasoning and conclusion of the court in that case. In the case before us, the court acquired no jurisdiction, and the demurrer to the defendant's plea should have been overruled. The judgment is reversed and the cause remanded.

*Judgment reversed.*