Mowatt, Respondent, vs. Wilkinson and another, Appellants.

*March 23 — April 9, 1901.*

*Contracts: Custom: Ambiguity: Logs and timber: Accord and satisfaction: Pleading: Amendments during trial: Reducing verdict: Prejudicial error.*

1. Custom cannot be proved to vary the terms of an agreement if they are definite and unambiguous.
2. A provision in a contract requiring plaintiff to saw defendant's logs "as fast as I can," is not ambiguous; and in an action on such

Mowatt vs. Wilkinson and another.·

contract it is error to admit evidence of a custom to saw logs in the order in which they came to the mill, where it appears that such custom applied to cases where the contract did not provide for continuous sawing.

3. Where no accord and satisfaction is pleaded, the admission of evidence appropriate to the pleadings, but inconsistent with an accord and satisfaction, under such circumstances as to exclude the idea that it was offered for the purpose of proving new issues, does not justify amendment of pleadings in that respect at the close of the trial.

4. A party not entitled to any deduction from a verdict is not prejudiced by a deduction less in amount than he claimed should have been made.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

Plaintiff, a sawmill owner at Ashland, entered into written contract with the defendants as follows:

"Ashland, Dec. 10—94.
" *Messrs. S. Wilkinson & Co.*

"*Gents:* I will manufacture for you eight millions of saw logs into lumber, as you may direct, as fast as I can during the fore part of the season of 1895, sorting and cross-piling in a workmanlike manner. I will furnish boom room to store what surplus logs may accumulate faster than sawed. The lumber may remain sixty days free of cost, and no charge to be made for use of docks, if not wanted for other stock after that time. You to pay for sawing the 5th of each month for the lumber cut the preceding month, based upon an estimate and final settlement after final measurement, at the rate of two dollars and twenty-five cents per M., board measure. The No. two culls I will keep for the saw bill, if you wish. I will keep two hundred feet space clear between mill and lumber, for safety against fire.

"Respectfully yours,
"D. W. MOWATT."

" We agree to deliver about eight millions of logs, accepting your terms as per above letter. Neither party to be held to this agreement in case of fire or accident unavoidable.

"S. WILKINSON & Co.,
"per R. G. Peters, Agt."

Mowatt vs. Wilkinson and another.

Defendants' logs amounted to a little over 7,000,000 feet, of which only a little over 6,000,000 feet were delivered to the plaintiff for sawing; and a quantity not accurately ascertained, but which yielded 1,168,000 feet of lumber, were taken to another mill, because, as defendants claimed, the plaintiff did not saw as rapidly as he had agreed, and did not furnish adequate and safe booming facilities. Plaintiff sued to recover $215.08 and interest for contract price of sawing and certain additional expenses, and for $1,560, damages for failure to deliver to him for sawing all of the logs contracted. The defense to the first cause of action was payment; and to the second, failure of plaintiff in the duties assumed by him, in negligent and unworkmanlike sawing, and failure to furnish boom room for storage. The defendants also counterclaimed for damages from the escape and loss through negligence of the plaintiff of a quantity of logs, and from unskilful and improper sawing of a portion of the same. A general verdict for the plaintiff for $1,000 was had, which on motion for new trial the court permitted to stand upon condition of the plaintiff's remitting therefrom $84.06, which he did, whereupon judgment was rendered for the balance, from which defendants appeal.

For the appellants there was a brief by *Tomkins & Merrill,* and oral argument by *W. M. Tomkins.*

For the respondent there was a brief by *Sanborn, Gleason & Sleight,* and oral argument by *A. W. Sanborn.*

DODGE, J. 1. The first error assigned is the admission over objection of testimony to the effect that it is the custom at Ashland to saw rafts of logs in the order in which they come into the boom, and that if the sawing of the logs of one proprietor is interrupted, and those of another proprietor are taken up, the latter are completed before returning to the former. This testimony is, by the witness who gives it, confined to cases where the contract does not provide for

continuous sawing. Counsel do not seriously disagree as to the general rules governing the admission of evidence to prove custom where there is an express agreement. Such custom cannot be proved to vary the terms of the agreement if they are definite and unambiguous, but only to explain and make definite that which the contract leaves ambiguous or unexpressed. Under that rule the evidence in question seems to have been clearly improper. The contract was not silent as to the rate of sawing, but provided that the plaintiff should saw defendants' logs "as fast as I can"; "neither party to be held to this agreement in case of fire or accident unavoidable." No ambiguity lurks in the expression "as fast as I can." It was the duty of the plaintiff to put defendants' logs through his sawmill without interruption, except for causes making such progress substantially impossible. The evidence thus complained of was further objectionable for that it applied to contracts silent on the question of expedition. The witness was not asked whether any, and if so what, custom prevailed under a contract like this, that required sawing "as fast as I can," but merely with reference to contracts which did not provide for continuous sawing. The admission of this evidence was error which might well have affected the verdict of the jury upon the question of defendants' liability for damages for the alleged breach of contract on their part in taking certain of their logs to another mill to be sawed.

2. Appellants also assign as error the action of the trial court in substantially taking from the jury consideration whether there had been an accord and satisfaction preceding the commencement of the suit. The court did this on the ground that no accord and satisfaction was pleaded, and that the defendants' attitude in counterclaiming damages for unworkmanlike sawing and for failure to properly store and care for logs in compliance with the contract was inconsistent with the claim of accord and satisfaction. In

this ruling the court was clearly correct. While it is true that pleadings may be amended to meet the case made by evidence admitted without objection, the evidence upon which accord and satisfaction is predicated in this case was of an interview at which a payment of $100 was made, for which the complaint did not give credit, and for which the answer claimed credit as payment. It was admissible upon the issue of payment, and no suggestion was made at the time of its introduction that it served any other purpose. Meanwhile the defendants continued to offer evidence in support of the counterclaims above mentioned, demanded their submission to the jury, upon instructions with reference thereto, and, for all that appears in the record, may have been accorded some allowance upon those counterclaims. Evidence thus admitted under circumstances to exclude the idea that it is offered to support a defense or cause of action not set up in the pleadings, and inconsistent therewith, should not justify amendment of pleadings at the close of the trial to bring in such new issues.

3. A claim is made that the trial court committed error in assuming fifty cents per thousand feet as the profit on sawing logs for which the jury had allowed damages to the plaintiff, and in measuring a deduction from the verdict by that figure, when there was evidence which might have justified the jury in adopting a higher rate. This error, if any, could not have been prejudicial to the defendants, for the allowance made by the court was for an assumed excess of logs over the 8,000,000 feet mentioned in the contract. In this the court made a mistake. There was no excess of logs over 8,000,000 feet. The lumber produced therefrom slightly overran that total, but the logs were considerably less than 8,000,000 feet. There was therefore no reason for any deduction, and defendants could suffer no legal injury because the deduction made by the court was less than it

might have been on their theory, when they were entitled to no deduction at all.

For the first error assigned and discussed, the judgment must be reversed.

*By the Court.*— Judgment reversed, and cause remanded for new trial.