STATE EX REL. NEWS PUBLISHING COMPANY VS. PARK, Circuit Judge.

*November 13—December 4, 1917.*

*Sales: Place of contract: Title, when passes: "F. o. b. mill:" Place of payment: Action against corporation: Place of trial: Where "cause of action" arose.*

1. Where paper was sold on written orders mailed by the buyer at M. to the seller at P., such orders became contracts when accepted at P., and hence P. was the place of the contract.
2. Where the invoices of such paper showed that it was sold "f. o. b. mill," the title passed to the buyer when the paper was placed on cars at the mill,—that being the meaning of the quoted expression, and also the effect of sub. 4, sec. 1684t—19, Stats., in the absence of contract provisions ·or facts persuasively showing a different intent.
3. The terms of the contract of sale being: "All invoices to be settled monthly by cash payable in funds current in Chicago or New York," the place of payment was the residence of the seller, although the seller had been in the habit of receiving personal checks in payment of instalments due under previous contracts. Even if such habit rose to the dignity of a custom it could not vary the terms of a definite and unambiguous contract.
4. The place of making a contract of sale, the passing of title, and the place where payment was to be made being all in the county in which the seller had its principal office, an action to recover the purchase price was properly brought in that county, and the buyer, a domestic corporation, was not entitled to have the venue changed to the county in which its principal office was located, on the ground that "the cause of action or some part thereof arose" in the latter county within the meaning of sub. 5, sec. 2619, Stats.

MANDAMUS action commenced in this court to compel the circuit judge of the Seventh circuit to change the venue of an action from Wood county to the county of the defendant's residence, viz. Milwaukee county, on the ground that a part of the cause of action arose in the latter county. The respondent moves to quash the alternative writ. The facts appearing by the petition are these: The Nekoosa-Edwards

Paper Company, a domestic corporation operating a paper mill and having its principal office in Port Edwards in Wood county, sued the *News Publishing Company,* a domestic corporation publishing a newspaper and having its principal office at Milwaukee, to recover the contract price of three carloads of print paper sold and delivered in January and February, 1917. The defendant seasonably served a demand for a change of the place of trial to Milwaukee on the ground that its principal place of business was in that county and that the cause of action arose there. This demand not being consented to by the plaintiff, the defendant moved for such a change upon a number of affidavits, which motion was opposed by counter affidavits and denied by the court.

The moving affidavits tended to show these facts: From September 1, 1911, to September 1, 1916, the plaintiff company, and its immediate predecessor in the business, sold and delivered print paper to the defendant company under yearly written contracts executed at Milwaukee, the first year's contract providing for payment at a certain price per hundred pounds "f. o. b. Milwaukee, Wis.," and the others "f. o. b. Port Edwards," the terms of payment in all, however, being specified as "net cash thirty days from date of invoice in Chicago or New York exchange;" that during all this time payment was made by defendant by means of its own local check mailed at Milwaukee and never in Chicago or New York exchange; that the words "f. o. b. Port Edwards" in the contracts signified simply that defendant was obliged to pay the freight to Milwaukee in addition to the contract price and did not mean that title passed at Port Edwards, because as matter of fact the defendant had always had the right of inspection and examination of the cars at Milwaukee before accepting the same; that while the last contract expired September 1, 1916, and the purchases of the carloads in question were separate and independent transactions, the same condi-

tions as to delivery and payment which prevailed under the contract were expressly or impliedly recognized by the parties, and hence the defendant claimed that both delivery of the goods and payment for the same were to be made in Milwaukee, and consequently that part of the cause of action arose there because, as it claims, there could be no cause of action without delivery of the paper and default in sending the check.

The counter affidavits of the plaintiff, on the other hand, tended to show that no right of inspection or examination had ever been recognized by the parties as preliminary to the passing of title, and that the express terms of the invoices in question fixed the place of payment at Port Edwards.    The invoices were produced and all stated the terms of sale to be "thirty days net . . . all invoices to be settled monthly by cash payable in funds current in Chicago or New York," and they also contained the words "f. o. b. mill."    It appears further that on February 16, 1917, the defendant mailed its own local check to plaintiff in payment for the paper in question, which check was deposited by plaintiff, but that payment thereof was stopped by the defendant's chief officer on the ground that the plaintiff was a part of or concerned in a trust or combination in restraint of trade.    The trial court, after considering the affidavits, denied the motion.

*Thomas H. Gill* of Milwaukee, for the relator.

For the defendant there was a brief by *Goggins, Brazeau & Goggins* of Grand Rapids, and oral argument by *B. R. Goggins.*

WINSLOW, C. J.    The paper was sold on written orders mailed at Milwaukee to the plaintiff at Port Edwards.    Upon acceptance at Port Edwards the orders became contracts and hence that city is the place of the contract.    *L. J. Mueller F. Co. v. Meiklejohn,* 121 Wis. 605, 99 N. W. 332.    There was no right to a change of venue under the statute unless "some

part of the cause of action," *i. e.* some act or omission without which there would be no cause of action, arose in Milwaukee county.    Sub. 5, sec. 2619, Stats.; *State ex rel. Northwestern Mut. L. Ins. Co. v. Circuit Court,* 165 Wis. 387, 162 N. W. 436.

The contract, as we have seen, was made at Port Edwards, and the remaining affirmative act essential to a cause of action is performance.    Conceding for the purposes of the action, without however deciding, that default in payment is an essential part of the cause of action, the question is whether either the act or the default named arose in Milwaukee county.

We see no reason to doubt the correctness of the ruling that both the act and the omission to act mentioned occurred at Port Edwards.

Under the undisputed terms of the invoice, title passed to the defendant when the paper was placed on cars at the mill. That is what the letters "f. o. b. mill" mean in the absence of contract provisions or facts persuasively showing a different intent.    *Vogt v. Schienebeck,* 122 Wis. 491, 100 N. W. 820; *McCollom v. M., St. P. & S. S. M. R. Co.* 152 Wis. 435, 139 N. W. 1129; *Gehl v. Peycke Bros. C. Co.* 158 Wis. 494, 149 N. W. 275.    Such also is the effect of our Uniform Sales Act.    Sub. 4, sec. 1684*t*—19, Stats.    There were no contract provisions showing any different intent here, and so far as any facts having that tendency are concerned the trial court evidently held that they were amply met by the plaintiff's affidavits, a conclusion in which we concur.

The place of payment by the terms of the contract was the residence of the vendor.    "All invoices to be settled monthly by cash payable in funds current in Chicago or New York," clearly means that and nothing else.    The fact that the plaintiff had been in the habit of receiving personal checks in payment of instalments due under the previous contracts cuts no figure.    At the most this seems to have been mere in-

dulgence, but even if it rose to the dignity of custom it could not vary the terms of a definite and unambiguous contract. *Mowatt v. Wilkinson,* 110 Wis. 176, 85 N. W. 661; *Francis H. Leggett & Co. v. West Salem C. Co.* 155 Wis. 462, 144 N. W. 969.

*By the Court.*—Writ quashed, with costs against the relator.

KERWIN and ESCHWEILER, JJ., dissent.