### F. W. STOCK & SONS v. CAPITOL COOPERAGE CO.

1. SALES—DELIVERY OF GOODS IN TRANSIT MADE BY TRANSFERRING AND SURRENDERING BILL OF LADING.

   When a seller is not in personal custody of the property sold, and it is in the custody of the railroad company, delivery is made by properly transferring and surrendering the bill of lading.

2. SAME—DELIVERY—PASSING OF TITLE.

   Where, by the terms of a contract, the seller's undertaking was to deliver a car load of staves f. o. b. at destination, and it had directed the carrier's agent to deliver the

On question as to passing of title by delivery f. o. b., see notes in 62 L. R. A. 802; 33 L. R. A. (N. S.) 54.

staves to the buyer, and had unconditionally surrendered. the bill of lading properly indorsed, under the uniform sales act (3 Comp. Laws 1915, § 11850) title passed to the buyer on arrival of the car at destination, since nothing more remained to be done.

3. ATTACHMENT — PARTIES — SELLER MAY CONTEST ATTACHMENT ALTHOUGH TITLE HAS PASSED TO BUYER.
  Where a car load of staves were attached as the property of the seller, it had a right to appear and contest the proceedings although title thereto had passed to the buyer before the levy was made.

Error to Branch; Johnson (Clayton C.), J. Submitted January 9, 1924. (Docket No. 9.) Decided March 5, 1924.

Attachment proceedings by F. W. Stock & Sons against the Capitol Cooperage Company. Judgment for defendant. Plaintiff brings error. Affirmed.

*William H. Lockerby* and *Merton Fitzpatrick,* for appellant.

*Neizer, Crosby & Murphy* and *Palmer, Palmer & Palmer,* for appellee.

McDONALD, J. The plaintiff is a corporation located at Hillsdale, Michigan. The defendant is a foreign corporation with its principal place of business at Fort Wayne, Indiana. In June, 1920, the defendant sold to B. H. Calkins & Son Company of Coldwater, Michigan, a car load of staves. The staves were shipped into Michigan and reached their destination, but before they were delivered to B. H. Calkins & Son Company they were attached by the plaintiff for a debt of $1,722 against the defendant. The defendant appeared specially and moved to set aside service by virtue of the attachment levy, assigning as the principal reason therefor that when the staves were attached title had passed to the vendee. The plaintiff

resisted the motion on the ground that title had not passed and that if the defendant did not own the property it had no right to appear in the case and contest the proceedings.    On the hearing the circuit judge determined that at the time of the attachment the property did not belong to the defendant, that there had been no legal service, and that the levy should be therefore set aside as illegal and void.    The plaintiff submitted special findings of facts and law, which were denied.    To the findings filed by the court the plaintiff excepted.

Two questions are involved.

*First.* Did the defendant own the property at the time it was attached, and

*Second.* If the defendant did not own the property did it have a right to appear and contest the proceedings?

The defendant's claim that title had passed to B. H. Calkins & Son Company at the time of the levy, is based upon the delivery to the railroad company of the bill of lading indorsed in blank by the defendant with instructions to deliver to B. H. Calkins & Son Company at Coldwater, Michigan.    It is insisted that this constituted a delivery to the purchaser.

The following facts are necessary to an understanding of the issue.    The staves were bought by the defendant, the Capitol Cooperage Company, from the Ashland Milling Company of Ashland, Ky., and delivered at that point to the C. & O. Railway company. An order bill of lading was issued to the Ashland Milling Company consigned to the order of the Ashland Milling Company at Coldwater, Michigan.    "Notify Capitol Cooperage Company."    It was then indorsed and delivered to the Capitol Cooperage Company.    It contained a provision requiring its surrender properly indorsed before delivery of the property.    On June 21, 1920, an invoice was mailed to the purchaser, B. H. Calkins & Son Company, and on the same day the

bill of lading indorsed in blank by the Capitol Cooperage Company was sent to the railway company's agent at Coldwater, with the following letter:

"June 21, 1920.

"AGENT NEW YORK CENTRAL,
  "Coldwater, Michigan.

"*Gentlemen:* We are herewith inclosing your original order bill of lading covering car L. & N. 1536, issued by the Chesapeake & Ohio Ry., Ashland, Ky., June 17, 1920, car consigned to the order of the Ashland Milling Company and properly indorsed by them and also indorsed by us.

"Upon arrival of this car, please notify and deliver same to B. H. Calkins & Son Company of your city, without surrender of this bill of lading.

"Kindly take care of the matter promptly and oblige.

"Yours truly,

"CAPITOL COOPERAGE COMPANY."

On the 23d of June, 1920, B. H. Calkins & Son Company were notified by the Capitol Cooperage Company of its action in surrendering the bill of lading to the railway company with instructions to deliver the staves immediately on arrival. In the contract nothing was said about delivery of the staves, except that the price was to be $33.00, f. o. b. Coldwater, Michigan. It was a credit sale.

Title to the staves became vested in the Capitol Cooperage Company when it received the bill of lading properly indorsed from the original holder. When it in turn indorsed the bill of lading in blank, without reservation, surrendered it to the agent of the railway company at Coldwater, with instructions to deliver the property immediately on arrival, to the buyer, and notified B. H. Calkins & Son Company as to that fact, it unconditionally appropriated the goods to the contract.

As the freight charges were prepaid and the goods were sold on credit, nothing further was to be done by either party to complete the contract. The Capitol

Cooperage Company was never in personal custody of the property.    It received its title while the goods were in the possession of the railroad company as bailee for the Ashland Milling Company.    It could get possession only by surrendering the bill of lading properly indorsed.    It could give possession only in the same way.    When the seller is not in personal custody of the property sold, delivery is made by properly transferring and surrendering the bill of lading.    24 Am. & Eng. Ency. Law (2d Ed.), p. 1084.

By the terms of the contract the seller's undertaking was to deliver the staves free on board the cars at Coldwater, Michigan.    It must therefore have been the intention of the parties that the title should not pass until the car reached its destination, or the goods were delivered to the buyer.    Uniform Sales Act, Rule 5, § 19 (3 Comp. Laws 1915, § 11850).

The car of staves reached its destination.    At that time the Capitol Cooperage Company had done everything necessary to make delivery and pass the title. It had directed the agent of the carrier to deliver the staves to the buyer, and had unconditionally surrendered the bill of lading properly indorsed.    It had fully performed its contract and the title to the staves passed to B. H. Calkins & Son Company.    As the levy, by virtue of the writ of attachment, was subsequently made, it follows that the plaintiff cannot maintain its suit.

The claim of the plaintiff that, if the property did not belong to the defendant at the time the levy was made, it cannot legally appear and contest the proceedings, is without merit and requires no discussion.

The judgment of the circuit court is affirmed, with costs to the defendant.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.