STATE EX REL. DONAHUE-STRATTON COMPANY, Petitioner, vs. GRIMM, Circuit Judge, Respondent.

*January 15—February 10, 1925.*

*Venue: More than one proper place of trial: Where cause of action accrues: Failure to pay for goods purchased: Modification of written contract: Custom.*

1. Where more than one county was the proper county for trial of an action, defendant's demand for a change to the county where defendant resided is insufficient. p. 156.
2. Where no place of payment for goods purchased is specified in the contract, payment should be made at the place of business of the seller. p. 157.

State ex rel. Donahue-Stratton Co. v. Grimm, 186 Wis. 154.

3. On a buyer's failure to pay for goods, no place of payment being specified, the cause of action arose in the county of the seller's place of business. p. 158.
4. A mere course of dealing, even if it grows to a custom, is not sufficient to vary the terms of a definite and unambiguous contract. p. 158.
5. The mere fact that the seller accepted payment in a county other than its residence, where no place was specified in the contract, did not amount to a modification of the contract as to the place of payment. p. 159.
6. The seller's request that the buyer "bunch remittances" by remitting every two weeks, even if acted on, is insufficient to change the terms of the contract as to the place of payment. p. 159.

MANDAMUS to GEORGE GRIMM, Judge of the Circuit Court for Rock County. *Writ quashed.*

The allegations of the petition set up that on April 16, 1924, the Rock County Sugar Company began an action in the circuit court for Rock county for damages against the relator by the service of a summons and a verified complaint; that thereafter and on April 19, 1924, the relator by its attorneys, in the manner provided by law, served a demand for change of the place of trial from Rock county to Milwaukee county, "for the reason that the defendant (*Donahue-Stratton Company*) was at the time of the commencement of this action and still is situated and at said time had and still has its principal office and place of business in Milwaukee county." The Rock County Sugar Company declined to consent to such change of venue, and on May 6, 1924, the Rock County Sugar Company was by order required to show cause before the circuit court for Rock county why the venue should not be changed. The order to show cause was brought on before the circuit court upon the affidavits of the parties, and on May 23, 1924, the circuit court for Rock county entered an order denying relator's motion, to which order the relator excepts; thereupon this proceeding was begun in this court. The petitioner prayed that an alternative writ of *mandamus* issue directed to

GEORGE GRIMM, Judge of the Circuit Court for Rock County, requiring him to vacate the order denying the relator's motion for a change of venue or show cause to the contrary. The writ was served, and thereupon the respondent moved to quash the alternative writ of *mandamus*. The motion to quash was argued and the matter submitted upon briefs of counsel.

Such facts as are necessary to a determination of the case will be stated in the opinion.

For the petitioner there was a brief by *Olwell & Brady* of Milwaukee, and oral argument by *B. V. Brady.*

For the respondent there was a brief by *Jeffris, Mouat, Oestreich, Avery & Wood* of Janesville, and oral argument by *L. A. Avery.*

ROSENBERRY, J. If there was more than one county which was a proper county for the trial of the action, then the demand of the relator for a change of venue is insufficient and the writ must be denied. *Anderson v. Arpin H. L. Co.* 131 Wis. 34, 110 N. W. 788. See, also, *State ex rel. Bessie v. Halsey,* 148 Wis. 171, 134 N. W. 362; *State ex rel. Wis. D. M. Co. v. Circuit Court,* 176 Wis. 198, 186 N. W. 732.

The action was properly triable in the county in which the relator had its principal office and place of business or in which the cause of action or some part thereof arose. Sub. 6, sec. 2619, Stats. It is the contention of the relator that the cause of action arose in Milwaukee county. The contract between the parties was in the form of a letter, which was as follows:

"Bay City, Michigan,
"Bay City Dry Dock,                    Oct. 2, 1923.
"Owned and operated by James and James E. Davidson.
"*The Donahue-Stratton Co.,* Milwaukee, Wis.
"Gentlemen: This will confirm the sale made to you of the entire output of dried beet pulp of the Rock County Sugar

Company, located at Janesville, Wisconsin, manufactured by the Rock County Sugar Company during its present campaign, which will commence approximately on October 20, 1923, and which will end approximately January 1, 1924, at $33.40 per net ton of 2,000 pounds.

"The pulp to be put up in 100-pound sacks and to be delivered f. o. b. cars at the plant of the Rock County Sugar Company, Janesville, Wisconsin. We are to guarantee the dried beet pulp of the Rock County Sugar Company to be sound and merchantable and of our usual good quality. You agree to give us shipping directions in plenty of time for the shipment of the dried beet pulp of the Rock County Sugar Company as fast as it is manufactured.

"We have written this contract in duplicate. Please sign one copy and return to us, retaining the other copy for your files.          Yours very truly,

"ROCK COUNTY SUGAR COMPANY,
"JED/T      By (Signed) James E. Davidson, Secretary.
"*Accepted:*
      "DONAHUE-STRATTON COMPANY,
            "(Signed) H. M. Stratton, Vice-President."

No place of payment is specified. It was therefore to be made at the place where the seller resided, which was Janesville, Rock county, Wisconsin. *State ex rel. Gurney L. Co. v. Risjord,* 161 Wis. 118, 152 N. W. 847. The Rock County Sugar Company in this case delivered the goods f. o. b. Janesville. Under the Uniform Sales Act the purchaser had a right of inspection at Milwaukee (sec. 121.47, Stats.). *Knobel v. J. Bartel Co.* 176 Wis. 393, 187 N. W. 188. The relator exercised this right of inspection and refused to accept the goods, being fourteen carloads of dried beet pulp. It is the contention of the Rock County Sugar Company that the goods were of a perishable nature, and under the provisions of sec. 121.60 (Uniform Sales Act) it took the goods and resold them for the account of the relator, and this action is brought to recover the difference between the contract price and the amount less expenses received on account of the resale. If the contention of the

Rock County Sugar Company is correct, and for that purpose the allegations of its complaint must be accepted, then the amount due the seller was payable at Janesville, Rock county, and the failure of the relator to make such payment resulted in a cause of action, and this cause of action arose in Rock county.

"The cause of action arises when that is not done which ought to have been done, or that is done which ought not to have been done; but the time when the cause of action arises determines also the place where it arises, for when that occurs which is the cause of action, the place where it occurs is the place where the cause of action arises." *Hibernia Nat. Bank v. Lacombe,* 84 N. Y. 367; *State ex rel. Northwestern M. L. Ins. Co. v. Circuit Court,* 165 Wis. 387, 162 N. W. 436; *State ex rel. News Pub. Co. v. Park,* 166 Wis. 386, 165 N. W. 289.

It is the contention of the relator, however, that the place of payment was changed by agreement of the parties or modified by a course of dealing set up in the affidavits upon which the motion for a change of venue was made, from which it appears that payments had been made by check drawn by the relator upon Milwaukee banks, payable to the Rock County Sugar Company, and forwarded by mail to the plaintiff at Janesville. A mere course of dealing, even if it grows to a custom, would not be sufficient to vary the terms of a definite and unambiguous contract. *State ex rel. News Pub. Co. v. Park, supra.* But on October 23, 1923, at the time the first payment was made, the relator wrote the Rock County Sugar Company as follows:

"Attached hereto you will find our check for $4,355.36 covering remittance six carloads dried beet pulp.

"In accordance with Mr. Barricade's request of last Saturday, we will arrange to bunch the remittances in the future and remit to you every two weeks covering the shipments dried beet pulp."

It is the contention that the writing of this letter amounted to a modification of the contract so that thereafter payments

were due in Milwaukee. If it be conceded that payments made in the manner specified would have discharged the liability of the purchaser, it does not follow that this would result in a modification of the contract. Under the contract the Rock County Sugar Company had the right to have the payments made at Janesville, its place of residence. It was apparently willing to accept payment made in some other way than that prescribed by the strict letter of the law. When, however, the purchaser refused to make payments in any way, the seller was obliged to resort to the terms of his contract, and the mere fact that it had accepted and was willing to accept payments in some other way, as was held in *State ex rel. News Pub. Co. v. Park, supra,* did not amount to a modification of the contract. Nor can the contract be said to have been indefinite or ambiguous. While it mentioned no place of payment, the law made it in that respect definite and certain. *Mobile & O. R. Co. v. Tennessee,* 153 U. S. 486, at p. 497 (14 Sup. Ct. 968). Certainly a casual request to "bunch the remittances" is not of sufficient dignity, even if acted upon, to change the terms of the contract as to place of payment. By reason of the failure of the relator to make payment for the goods at the place designated in the contract, the cause of action arose in Rock county, and we do not need, therefore, to discuss the meaning of that rather obscure and troublesome phrase "or some part thereof."

There being more than one "proper county" in which the action might have been begun, the demand for change of venue is fatally defective.

It is the order and judgment of this court that the motion to quash the writ be granted, with costs.