STATE EX REL. D. J. MURRAY MANUFACTURING COMPANY and another, Petitioners, vs. FRITZ, Circuit Judge, Respondent.

*May 23—June 6, 1927.*

*Venue: Action to cancel contract: Where cause of action accrued: Breach of contract to manufacture goods.*

Plaintiff had sold certain personal property including patents and patent rights to the defendant corporation under an agreement that the defendant would manufacture certain specified articles and employ plaintiff as its sales agent. *Held*, that the venue of an action to cancel the agreement, for an accounting and delivery of instruments held in escrow, and for an injunction and damages, which was based on acts or failures of defendant to act in M. county, where it had its place of business, was in M. county and not in another county where it is alleged inferior articles had been delivered by defendant for sale.

APPLICATION for writ of *mandamus* to compel the respondent to order change of venue in an action commenced in Milwaukee county, wherein the Consolidated Steam Specialty Company, a corporation, is plaintiff and petitioners are defendants. The petitioners here, defendants in that action, demanded a change of venue to Marathon county, which was denied by the respondent circuit judge.

For the petitioners there was a brief by *Brown, Pradt & Genrich* of Wausau, and oral argument by *L. A. Pradt, Jr.*

*Harvey C. Hartwig* of Milwaukee, for the respondent.

CROWNHART, J. The complaint in the action begun in the circuit court for Milwaukee county is based on alleged rights of the plaintiff therein growing out of a written contract between the parties, and an alleged breach of such rights by the defendants.

The contract provided for the purchase by the defendant manufacturing company of certain personal property, including certain patents and the rights accruing thereunder, under agreement that defendant would manufacture certain therein specified articles and employ the plaintiff corporation as sales agent to dispose thereof. The contract is quite long and specifies the agreement in detail. It is alleged that defendant breached the contract to plaintiff's damage. The defendant bank holds certain papers in escrow, and stands ready to make delivery as may be ordered by the court.

The breaches of the contract claimed, in substance, are:

1. Defendant added to its stock of machinery without plaintiff's consent.

2. Defendant used different forms of invoices than those provided for in the contract.

3. Defendant forced plaintiff to discontinue a certain advertising campaign, thereby causing plaintiff loss of sales.

4. Defendant made inferior goods, some of which were sold by plaintiff to Milwaukee customers, and plaintiff had to remedy the defects in some instances.

5. Defendant failed to pay commissions when due.

6. Defendant tried to embarrass the plaintiff by failing to furnish correct statements of cost of manufacture and falsified costs.

7. Defendant entered into a scheme to embarrass the plaintiff and to make plaintiff abandon its contract, reciting all the foregoing failures on the part of defendant to perform its duties under the contract.

All these acts and failures to act on the part of defendant were conceived and executed in Marathon county, it would appear from the complaint, unless it be the furnishing to plaintiff of inferior articles for sale in Milwaukee county. As these articles were ordered by plaintiff from defendant's plant in Marathon county, it would appear that the breach of contract occurred there and not in Milwaukee county.

State ex rel. D. J. Murray Mfg. Co. v. Fritz, 193 Wis. 129.

Sec. 261.01, par. sixth, of the Statutes provides the venue, and reads as follows:

"Of an action against any other corporation existing under the law of this state, the county in which it is situated or has its principal office or place of business, or in which the cause of action or some part thereof arose."

The expression "the cause of action or some part thereof arose" has been a bone of contention for long. *McArthur v. Moffet,* 143 Wis. 564, 128 N. W: 445. In the case just cited, Mr. Chief Justice WINSLOW summed up the idea by saying, in effect, that the cause of action embraced the primary rights of the plaintiff, the corresponding primary duties of the defendant, and defendant's breach of those duties.

Here the defendants have their principal places of business and their principal offices in Marathon county. The contract fixing the rights and duties was entered into in Marathon county. The goods to be manufactured were there manufactured. The goods so manufactured were to be delivered on plaintiff's orders from Marathon county direct to purchasers. Payment therefor was to be made direct to defendant manufacturing company, at its offices in Marathon county. Substantially everything required of said defendant under such contract was to be performed in Marathon county.

The plaintiff in said action alleges a breach of such contract in several particulars, each of which is properly referable to some act or failure to act in Marathon county.

The prayer of the complaint demands that the contract be canceled; that there be an accounting; that defendants be required to deliver the documents held in escrow; that defendant manufacturing company be enjoined from manufacturing under such contract during the trial of the action and permanently thereafter; that plaintiff's damages be assessed; and for such other relief as may be equitable.

State ex rel. Reynolds v. Circuit Court, 193 Wis. 132.

The cause of action alleged is one for rescission of the contract, and all other relief demanded follows and depends upon such rescission.

This court, in *State ex rel. Donahue-Stratton Co. v. Grimm,* 186 Wis. 154, 158, 202 N. W. 162, cited with approval *Hibernia Nat. Bank v. Lacombe,* 84 N. Y. 367, where that court said:

"The cause of action arises when that is not done which ought to have been done, or that is done which ought not to have been done; but the time when the cause of action arises determines also the place where it arises, for when that occurs which is the cause of action, the place where it occurs is the place where the cause of action arises."

We find nothing in the complaint to show any cause of action or part thereof arising in Milwaukee county, and nothing in the relief demanded gives any color to such a claim. The proper venue of the action is Marathon county.

*By the Court.*—Let the writ issue.