STATE EX REL. WEBSTER MANUFACTURING COMPANY, Petitioner, vs. RISJORD, Circuit Judge, Defendant.

*January 10—February 4, 1930.*

H. V. *Gard* of Superior, for the petitioner.

For the respondent there was a brief by *Fisher, Cashin & Reinholdt* of Stevens Point, and oral argument by *R. T. Reinholdt*.

CROWNHART, J. Four causes of action are set out in the complaint in the original action, all growing out of similar transactions. The orders for the lumber were mailed by the Webster Manufacturing Company at Superior to the Roddis Lumber & Veneer Company at Park Falls, and were accepted by the Roddis Lumber & Veneer Company by letters mailed at Park Falls to the Webster Manufacturing Company at Superior. The contracts are silent as to the place of payment. Under well settled rules of law, the place of payment in such case is at the residence of the seller, which in this case was Marshfield. *State ex rel. News Pub. Co. v. Park,* 166 Wis. 386, 165 N. W. 289; *State ex rel. Donahue-Stratton Co. v. Grimm,* 186 Wis. 154, 202 N. W. 162. But the petitioner claims that the place of payment was fixed at Superior by reason of a course of dealing prior to the making of the contracts here in question. The contracts, however, were complete when the orders were ac-

cepted at Park Falls. The place of trial is governed by sub. sixth, sec. 261.01, which reads:

"261.01 The proper place of trial of civil actions is as follows, respectively: . . .

"Sixth. Of an action against any other corporation existing under the law of this state, the county in which it is situated or has its principal office or place of business, or in which the cause of action or some part thereof arose."

The court is confronted with the query, what is meant by the expression, "in which the cause of action or some part thereof arose?"

In *McArthur v. Moffet*, 143 Wis. 564, 128 N. W. 445, this court labored long and earnestly to determine the meaning of "cause of action" and other cognate expressions used in the Code. It was there said:

"1. The term 'cause of action' occurs several times in the original Wisconsin Code. Perhaps its appearance is most significant in sub. 2 of sec. 47 of that Code (ch. 120, Laws of 1856), now sub. 2 of sec. 2646, Stats. (1898), which provides that the complaint shall contain 'a plain and concise statement of the facts constituting each cause of action, without unnecessary repetition.' This makes it very clear that in the minds of the makers of the Code the 'cause of action' is made up of the facts necessary to be pleaded and proved in order to establish the defendant's liability to the plaintiff. These must be of two classes: (1) the facts which show the plaintiff's right; and (2) the facts which show the defendant's violation of that right. . . .

"There seems no logical escape from the conclusion that the term 'cause of action' must include the facts showing (1) the plaintiff's right; (2) the defendant's corresponding duty; and (3) the defendant's breach of that duty, or, to put it more tersely, the plaintiff's right and its violation by the defendant."

Now, assuming that "cause of action" was thus properly defined, what is meant by the expression "in which the cause of action or some part thereof arose," particularly "some part thereof arose." As so defined, a cause of action

consists of two parts: (1) the plaintiff's right, and (2) the violation of that right by the defendant. Applying the definition to the cause of action here in question, it seems clear that the plaintiff's rights arose in Price county, where the contracts were made fixing such rights, and the violation of such rights took place where the payments under such contracts were to be made—either in Douglas county, as contended by the petitioner, or Wood county, as contended by respondent. In either event, Price county, where the orders were accepted, is a proper place of trial. *State ex rel. Webster Mfg. Co. v. Reid,* 177 Wis. 612, 188 N. W. 67.

Counsel for petitioner earnestly contends, and with much reason, that a cause of action cannot be separated into parts; that it must constitute all the facts necessary to be alleged in the complaint to entitle the plaintiff to recover. Admitting that to be true, still we must consider what the legislature meant by its use of the term "some part thereof arose." Surely it did not mean that "some part thereof" meant the same as "cause of action." So it would appear that the legislature had in mind the same idea as the court determined "cause of action" to mean in *McArthur v. Moffet, supra,* that is, "cause of action" consists of two parts—plaintiff's right, and defendant's violation thereof, each of which might arise in different counties. Any other construction makes the phrase "some part thereof arose" meaningless.

It is conceded that Douglas county is a proper place of trial by reason of its being the principal place of business of the defendant, but our concern is as to whether Price county is also a proper place of trial. As we have seen, plaintiff's rights arose there, and we hold that such rights constitute a part of the cause of action, within the meaning of the statute fixing the place of trial of the action.

It is unnecessary to consider other questions raised.

*By the Court.*—The motion to quash the alternative writ of *mandamus* is granted.