JAGERSON FUEL COMPANY, SUCCESSOR TO DEFNET & JAGERSON COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19795.   Promulgated November 23, 1931.

*Frank W. Wilson*, *C. P. A.*, for the petitioner.
*F. R. Shearer*, *Esq.*, for the respondent.

OPINION.

McMahon: The petitioner contends that it should be permitted to take as a deduction from its gross income a loss of $25,574.25 which it claims it actually sustained within the taxable year upon the decline in the market value of certain merchandise which it, for all practical purposes, had in its inventory.

The books of account of the petitioner were not produced at the hearing and from the testimony we are unable to determine just how or at what time the purchases and sales were entered therein. It is apparent from the testimony, however, that no book inventory was kept. The quantity of merchandise remaining in the possession of the mills was ascertained by deducting the quantity ordered shipped to the customers of the petitioner from the aggregate total amounts shown on the agreements to purchase.

The petitioner contends that it had title to this merchandise and that, having title, it should be permitted to inventory it and deduct the loss due to the decline in price of the merchandise.

The respondent contends that the petitioner never adopted a proper method of inventorying; that title to the merchandise remained in the seller, and that the agreements were merely agreements to purchase.

All of the agreements were entered into with mills in Wisconsin except one, which was entered into with the Von Platen-Fox Company of Iron Mountain, Mich., but accepted apparently by the petitioner at Neenah, Wis. Whether they are all Wisconsin contracts or one of them a Michigan contract is immaterial, as the Uniform Sales Act is in force in both States and the supreme court of each State has determined the same question before us, both before and after the enactment of the Uniform Sales Act.

All the purchases were made, as shown by the contracts, f. o. b. cars location of mill. A sale f. o. b. mill, or location of mill, passes title to purchaser when the merchandise is placed on the cars at the mill or other place provided. *Schenning* v. *Devere & Schlregel Lbr. Co.*, 173 Wis. 20; 130 N. W. 136; *State ex rel News Pub. Co.* v. *Park*, 166 Wis. 386; 165 N. W. 289, and cases cited therein; *F. W. Stock & Sons* v. *Capital Cooperage Co.*, 226 Mich. 405; 197 N. W. 529; *Dow Chemical Co.* v. *Detroit Chemical Works*, 208 Mich. 157; 175 N. W. 269; and *Detroit Southern R. R. Co.* v. *Malcolmson*, 144 Mich. 172; 107 N. W. 915. The Supreme Court of Michigan in the latter case states in its opinion: "The words 'free on board' in such contracts have acquired a settled judicial meaning * * *," citing *Vogt* v. *Schienbeck*, 122 Wis. 491; 100 N. W. 820.

The contract in the *Vogt* case, *supra*, was similar to the contracts in this proceeding:

Received of Paul Vogt of Milwaukee, Wis. Five (5) Dollars on account of sale to him by me, made this 15th day of November, 1902, of 100,000 feet more or less of pine one inch lumber at Eight Dollars per 1000 feet cull and Fifteen Dollars per 1000 feet common or better, now at Stadler's Mill, f. o. b. cars Butternut, Wis., to be delivered upon demand within two months from above date. Inspection fees paid by both of us.

Therefore, as title to the merchandise covered by such contracts was in the sellers and not in the petitioner, the petitioner may not include such merchandise in its inventory. *White Oak Transportation Co.*, 24 B. T. A. 307.

The determination of the respondent in disallowing the claimed inventory loss is approved.

As we have held that the merchandise purchased under the contract involved herein may not properly be included in the petitioner's inventory, it is not necessary for us to determine other questions relating to the claimed inventory loss, raised by the respondent.

The petitioner's alternative contention that, if it should be determined that the respondent properly disallowed the deduction, then the tax ought to be computed under provisions of section 328 of the Revenue Act of 1918 on account of abnormal conditions contemplated in section 327 of the same act, is, we think, without merit. There was some testimony of a slump in prices of wood in 1920 and 1921 ranging from $1 to $3 a cord, but this decline in prices affected all dealers in wood and was not a condition peculiar to the business of the petitioner. *Mutual Oil Co. of Arizona*, 14 B. T. A. 538. Abnormality is a fact which must be determined in each case and the burden of proof in this respect is upon the petitioner. See *Primrose Tapestry Co.*, 20 B. T. A. 702; *Clark Brown Grain Co.*, 18 B. T. A. 937; *Wright Lumber Co.*, 17 B. T. A. 814; and *Robert Wise Co.*, 16 B. T. A. 494.

The respondent's determination of deficiency as shown in the statement attached to its letter of May 22, 1926, is therefore approved.

*Judgment will be entered for the respondent.*