The Appellate Court affirmed a judgment of the city court of East St. Louis (309 Ill. App. 292) and leave to appeal was granted by this court. After the appeal was granted the appellant obtained leave of court to file a motion which for the first time raised a question of the jurisdiction of the city court. The motion was taken with the case and each of the parties filed supplemental briefs on the jurisdictional issues.
The facts necessary to a consideration of the motion are, that in 1936 plaintiff Paul W. Werner resided in De Witt county and was in the employ of the defendant Illinois Central Railroad Company as a brakeman. While so engaged in defendant's railroad yards in Pana, Christian county, he received injuries. He instituted this suit in the city court of East St. Louis against the defendant claiming there was liability under the Federal Employer's Liability act. Defendant maintained an office in East St. Louis and service was had upon it within the territorial limits of the city.
Defendant's motion to dismiss raises a question as to the territorial jurisdiction of the city court. It is contended *Page 561 
that under the constitution and statute, city courts have no jurisdiction over a case where the cause of action declared upon arose without the territorial limits of the city.
The constitution of 1818, section 1 of article 4, created the Supreme Court. Power to create inferior courts was vested in the General Assembly. The constitution of 1848, section 1 of article 5 provided "The judicial power of this State shall be and is hereby vested in one Supreme Court, in circuit courts, in county courts, and in justices of the peace: provided, that inferior local courts, of civil and criminal jurisdiction may be established by the General Assembly in the cities of this State, but such courts shall have a uniform organization and jurisdiction in such cities." The provision of the 1848 constitution came before this court in People ex. rel. Beebe, v.Evans, 18 Ill. 361. The General Assembly had adopted an act which was entitled: "To establish a recorder's court for the cities of La Salle and Peru." (Public Laws 1857, p. 168.) It declared that the jurisdiction was concurrent with the "circuit court of La Salle county in the towns of La Salle and Salisbury in said county," etc. An original action of mandamus was started in this court to command the clerk of the recorder's court to file certain papers. The defense was that the act creating the court was unconstitutional. The act was construed as an attempt to create a city court to be held within the confines of the city with the territorial jurisdiction extending to the towns of La Salle and Salisbury, beyond the boundary lines of the city. After quoting the constitutional provision, it was said: "In our opinion, this limits the territorial jurisdiction of the courts, to be established under this proviso, to the cities, for which and within which they are established. * * * They were intended to be for the benefit of the cities, and to meet their wants, and not of the adjacent country. They were designed to dispose of the litigation arising in the cities." *Page 562 
In People ex rel. Montgomery v. Barr, 22 Ill. 241, the plaintiff had obtained a judgment in the court of common pleas in the city of Aurora. He applied for mandamus to command the clerk of that court to issue an execution to a foreign county on such judgment. A peremptory writ was awarded by this court but in doing so the distinction between jurisdiction of a court to issue an original process and the authority of a court to issue writs to give effect to its judgment was clearly pointed out. In making the distinction between the question of jurisdiction and the question of power, it was noted that the city courts were designed "to settle and dispose of the litigation arising in the cities" and that "we do not wish to be understood as saying that this court [city court] has jurisdiction to issue original process to be executed without the limits of the city."
In Covill v. Phy, 26 Ill. 432, it was held that by reason of the constitutional provision the legislature could not give a city court jurisdiction to send its original processes beyond the city limits. It was said the legislature did not have the constitutional power to extend the jurisdiction of the city court beyond the city limits. A similar question was raised as to the city court of Sparta in Holmes v. Fihlenburg, 54 Ill. 203, and the same rule applied. In Gardner v. Witbord, 59 Ill. 145, jurisdiction of the Sparta court was again considered. It was said the territorial jurisdiction of the city court was limited by the constitution to the city of Sparta, citing the Evans andHolmes cases, supra. These cases established the law to be that the court provision in the constitution of 1848 did not leave the legislature with unrestricted power as to the territorial jurisdiction of a city court, but limited it to the territory within the city in which the court was created.
Section 1 of article VI of the constitution of 1870 provides that "The judicial powers, except as in this article is otherwise provided, shall be vested in one supreme court, *Page 563 
circuit courts, county courts, justices of the peace, police magistrates and such courts as may be created by law in and for cities and incorporated towns."
The first statute in reference to the creation of city courts, enacted after the adoption of the constitution of 1870, was an act approved March 26, 1874. (Ill. Rev. Stat. 1874, p. 345.) It provided that city courts should "have concurrent jurisdiction with the circuit courts within the city in which the same may be in all civil cases, and in all criminal cases, except treason and murder." This section was amended in 1901 (Laws of Illinois, 1901, p. 136) and as amended provided that city courts should "have concurrent jurisdiction with the circuit courts within the city in which the same may be, in all civil cases and in all criminal cases arising in said city," etc. The next amendment was in 1915. (Laws of Illinois, 1915, p. 350.) It declared that the city courts "shall have concurrent jurisdiction with the circuit court within the city in which the same may be in all civil cases, both law and chancery, and in all criminal cases arising in said city." It was amended in 1931 but the provision material here was not changed.
One of the first cases to reach this court after the adoption of the constitution of 1870, where the jurisdiction of a city court was in question was Joslyn v. Dickerson, 71 Ill. 25. It was a chancery suit filed in the city court of Elgin in Kane county to enjoin the collection of a judgment rendered by a justice of the peace in McHenry county. While the question discussed is not the same as the one in the instant case, the court used the following language: "The court below [city court] had no jurisdiction beyond the limits of the city of Elgin" and citesPeople v. Evans, supra, and Holmes v. Fihlenburg, supra. InHercules Iron Works v. Elgin, Joliet and Eastern Railway Co.141 Ill. 491, the question was whether the city court of Aurora had jurisdiction in a condemnation proceeding under the *Page 564 
provisions of the Eminent Domain act. In determining what was meant by the words concurrent jurisdiction, it was said: "Concurrent jurisdiction with the circuit court as here used, means equal power and authority with the circuit court to hear and determine all civil and criminal causes, treason and murder excepted, the subject matter of which arises within the prescribed territorial limits of the city. This is so plainly the meaning of the language employed that construction is not admissible." Other cases arising under the present constitution in which similar language was used are Miller v. People, 230 Ill. 65; People ex rel. Sokoll v. Municipal Court, 359 id. 102; Ladiesof Maccabees v. Harrington, 227 id. 511.
By reference to the cases decided since the adoption of the present constitution, it will be observed that this court has construed the present provision in reference to city courts in the same way that the provision of the prior constitution was construed in the Evans, Barr and Holmes cases, supra.
The phrase "arising in said city" was first incorporated into the statute by the amendment of 1901 and has been included in every subsequent amendment. Appellee argues that the phrase "arising in said city" refers only to the words immediately preceding it, that is, to criminal cases. The answer to such argument is that neither of the constitutional provisions nor the decisions of this court have made any such distinction between civil and criminal actions. The addition of the phrase to the statute was merely making the language of the statute accord with what this court had previously held to be the law.
The appellee contends that since his action is transitory and not local the city court had jurisdiction over the case. The issue raised is not one of venue but a question as to power and authority of a court to hear a particular case. The distinction which plaintiff seeks to make between a *Page 565 
local action and one that is transitory is not within the plain words of the constitution or the statute and cannot be read into them by construction. Appellee cites and relies upon such cases as Frank Simpson Fruit Co. v. Atchison, Topeka and Santa FeRailway Co. 245 Ill. 596, and Alpena Portland Cement Co. v.Jenkins Reynolds Co. 244 id. 354, in support of such contentions. An examination of the facts of those cases shows that the question presented here was not before the court in those cases for decision and they are not controlling here.
Further argument is made as to the meaning of the phrase "arising in said city" and the question is raised as to when and where did plaintiff's cause of action arise. The English case ofDurham v. Spence, L.R. 6 Ex. 46, is a leading case on this point. The court was considering what the legislature meant when it spoke of a cause of action arising in England. The court said it understood a cause of action to be that which brings into being the necessity for bringing the action. The cause, it went on to state, must have reference to time and place and therefore "the cause of action arises when that is not done which ought to have been done; or that is done which ought not to have been done. But the time when the cause of action arises determines also the place where it arises, for when that occurs which is the cause of action the place where it occurs is the place where the cause of action arises." This has been followed in this country by courts where a similar question arose. (Hibernia National Bank v.Lacombe, 84 N.Y. 367, 38 Am. Rep. 518; State v. Grimm,186 Wis. 154, 202 N.W. 162; Wrightsville Hardware Co. v. AssetsRealization Co. 144 N.Y.S. 991.) Under this rule it must be held that plaintiff's cause of action arose in Pana in Christian county.
The question is not as to whether a city court has jurisdiction to try a personal injury case brought under *Page 566 
the Federal Employer's Liability act, but whether such a court has jurisdiction to try a case where the acts from which the cause of action arises occurred outside the territorial limits of the city. As pointed out, the power of the court to hear such a cause is limited as to the place where the cause of action arose. If it arose without the city where the court is located, whether in the same county or another county or State, the city court is without jurisdiction to hear the case. The exercise of its power to act must be considered with reference to the place where the cause of action arose.
Reference is made to section 14 of the City Court act (Ill. Rev. Stat. 1941, chap. 37, par. 346) which provides for change of venue from one city court to another, to a circuit court "or to any other court of competent jurisdiction." Action authorized by this section is on the assumption that the city court from which the change of venue is sought had jurisdiction to hear the case. It is not an attempt to prescribe jurisdiction, that being covered by section 1, previously considered.
The city court of East St. Louis being without jurisdiction of the subject matter, the judgment is void and of no effect. Jurisdiction could not be conferred by the consent of the parties and was not waived by defendant's appearance and participation in the trial. It is a question that may be raised at any time, even on appeal. Town of Audubon v. Hand, 223 Ill. 367; Town ofKingston v. Anderson, 300 id. 577.
For the reasons assigned, the judgments of the Appellate Court and the city court are reversed.
Judgments reversed.
Upon denial of petition for rehearing, June 9, 1942, the following additional opinion was filed: